IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLOTTE TAYLOR-TILLOTSON,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE BULLOCK, TIM FOX, and NANCY SWEENEY,<br><br>Defendants. | CV-15-48-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

In her Complaint, Ms. Taylor-Tillotson alleges Defendants violated her right to due process and equal protection by refusing to rescind a decree of dissolution and reinstate her marriage to her now deceased former spouse. Doc. 1. The Complaint should be dismissed with prejudice; Ms. Taylor-Tillotson has failed to state a claim upon which relief may be granted because she has failed to allege the violation of a federal right.

**Jurisdiction**

Ms. Taylor-Tillotson filed this action in federal court, in the Helena Division of the District of Montana. Doc. 1. Venue in this is Division proper because the alleged wrongs occurred in Lewis and Clark County, Montana. Local Rule 3.2(b);

Mont. Code Ann. § 25-2-122(1)(b). The Court has personal jurisdiction over Defendants, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Ms. Taylor-Tilloston attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 42 U.S.C. § 1983. The case was assigned to Chief United States District Court Judge Dana L. Christensen and referred to the undersigned. Local Rule 72.2(a)(1).

**Pre-screening**

Because Ms. Taylor-Tillotson is proceeding in forma pauperis, the Court must screen her Complaint. 28 U.S.C. § 1915(e)(2). The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. This is that review.

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Hall v. City of L.A.*, 697 F.3d 1059, 1068 (9th Cir. 2012). Ms. Taylor-Tillotson attempts to allege a violation of her right to "rescind[] a decree of dissolution and reinstate a marriage in which the other spouse is deceased." Doc. 1 at 1. Ms. Taylor-Tillotson does not have a liberty or property interest in the ability to rescind a state court judgment

2

without following the applicable state court rules of civil procedure. Ms. Taylor-Tillotson's attempt to set aside the dissolution decree 35 years after it was entered is not allowed under the state court rules of civil procedure. She has thus failed to state a claim upon which relief may be granted. This is not a defect that could be cured by amendment. As such, the Complaint should be dismissed with prejudice.

**Conclusion**

Ms. Taylor-Tillotson's Complaint should be dismissed because she has failed to allege the violation of a federal right.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445).  For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that the Court must abstain from hearing Ms. Taylor-Tillotson's claim is so clear that no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Ms. Taylor-Tillotson MUST IMMEDIATELY ADVISE the Court of any change of address.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1.  This matter should be **DISMISSED** with prejudice.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Taylor-Tillotson may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order and Findings and Recommendations was served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Taylor-Tillotson files objections, she must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Ms. Taylor-Tillotson from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 30th day of July, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge